# Revocation of Appointment of Deputy Constable

*Eugene T. Rumisek*, for petitioner.

*A. G. Helbling*, for respondent.

McCREARY, P. J., October 9, 1957.—On August 21, 1957, James E. Jones, constable, residing at 2111 Sixth Avenue, Beaver Falls, filed a petiton in court alleging

that he was appointed constable by order of court dated May 14, 1956, and that a certificate of appointment was issued to him on July 5, 1956. In said petition he further alleges that Philip R. Rowland, respondent, was appointed by him as deputy constable for said fifth ward and that such appointment was approved by the Court of Quarter Sessions of Beaver County by an order dated August 1, 1956. He further alleges that thereafter the said Philip R. Rowland has conducted himself in the office of deputy constable in such a manner as to be oppressive and abusive to suitors and witnesses and that the actions of said Philip R. Rowland have been such as to result in numerous complaints being registered with petitioner, and that respondent is unfit and incompetent to discharge his official duties. He further alleges that the volume of the business of constable in the fifth ward of the City of Beaver Falls is not of sufficient amount and frequency to warrant a deputy constable.

He further asks that the court of quarter sessions enter an order revoking the appointment of Philip R. Rowland as deputy constable of the fifth ward of the City of Beaver Falls, County of Beaver. . . . .

Thereupon the court ordered that a rule issue directed to the said Philip R. Rowland requiring him to show cause why his appointment as deputy constable of the fifth ward of the City of Beaver Falls should not be revoked and why the office of deputy constable for the fifth ward of the City of Beaver Falls should not be declared open.

Before the return date of said rule respondent filed an alleged answer raising questions of law, and praying the court to issue a rule directed to petitioner, James E. Jones, to show cause why his petition for a rule to show cause should not be stricken from the record.

The matter came before the court for argument, and we have concluded that the original rule should be made absolute and that the prayer of petitioner, James E. Jones, should be granted and that the order appointing Philip R. Rowland as deputy constable should now be revoked.

We will first dispose of the petition of Philip R. Rowland for a rule to strike the petiton of James E. Jones. The petition of Philip R. Rowland and rule to strike the petition and rule issued at the instance of James E. Jones was filed in lieu of an answer to the allegations of fact set forth in the Jones petiton. There is no such procedure in Pennsylvania as a rule to strike off a rule: The Community Plan Company of Jersey Shore v. Harrison, 68 D. & C. 146; Yanko v. Donaldson, 62 D. & C. 417, and cases therein cited. Therefore the rule to show cause why the petition and rule issued at the instance of James E. Jones should not be stricken from the record is discharged.

We come then to consider the ultimate question to be decided, namely, does a constable who appoints a deputy constable have the power to revoke the appointment, with the approval of the court of quarter sessions, which approved the appointment of the deputy constable? This question must be answered in the affirmative.

In the case of In re Jacob Horivitz, 27 Dist. R. 578, the same question arose. Judge Finletter, one of the outstanding common pleas judges of all time in Pennsylvania, had this to say in a case identical on its facts with the facts in the case at bar:

"The question is whether the constable has power to revoke the appointment. It would seem that he has. 'Deputies are simply assistants or agents of the constables who appoint them': Snyder's Petition, 2 Lehigh Val. Repr. 424; Newton v. Luzerne County, 12 Dist. R.

695. And an agent's authority may generally be revoked at his principal's will. This appointment was made upon the constable's petition averring (as the only reason for making it) that 'he reposed special trust and confidence in the person named as deputy'. If the confidence has ceased, the relation to which it gave birth should also cease. 'They do not occupy two distinct offices—one constable, the other deputy. There is but a single office, to wit, that of constable, who may execute the office by himself or by deputy': Newton v. Luzerne County, 12 Dist. R. 695; Campbell v. Hewlett, 71 E. C. L. R. 258. The public service requires harmony in the office and a subordination of the deputy to his principal. The latter should be the judge of the propriety of continuing the relationship. Since the constable, who is responsible for the acts of his agent, wishes to terminate the agency, I see no reason for withholding the approval of this court. And I now give it."

There has been no material change in the statutory law since this pronouncement of Judge Finletter, nor has there been any lower court or appellate court case decided since the time of his pronouncement which would cause our court to reason otherwise.

We conclude that James E. Jones, who appointed Philip R. Rowland as deputy constable with the approval of the court of quarter sessions of Beaver County, has the power to revoke the appointment with the approval of the Court of Quarter Sessions of Beaver County.

As was said by the Superior Court in the case of National Cash Register Company v. Berg, 99 Pa. Superior Ct. 34, 37:

"No separate office of deputy constable exists under the law, and when a vacancy occurs in the office of constable, ipso facto the deputy ceases to exist as such."

Entertaining these views, we make the following

*Order*

Now, October 9, 1957, the rule heretofore issued on the petition of James E. Jones, constable of the fifth ward of the City of Beaver Falls, requiring Philip R. Rowland to show cause why his appointment as deputy constable of the fifth ward of the City of Beaver Falls, County of Beaver, and Commonwealth of Pennsylvania, should not be revoked, and why the office of deputy constable for said fifth ward should not be declared open, is made absolute; costs to be paid by respondent, Philip R. Rowland.